morning your honor Deanna Dotson on behalf of Mr. Allen Kimball. Ms. Dotson. This morning I'd like to talk about I think we only have a sentencing appeal here this we're not feeling the convention correct okay and the main thing on the sentencing I think you have to look at was the guideline correct and in order to look at that we need to go back and see what this sentencing guideline that was relied on by the court how did they determine that and what the cases particularly I'm going back to to Booker which really is going along the lines of Apprendi and Blakely in that the guideline and Booker's in Steve Stevens and Booker calls this the defined range is talking about that has to be found by whatever is found by the jury or admitted by a defendant in a guilty plea so those facts determine this guideline range or defined range as Steven says or it's called the standard range. Tell me if I'm wrong about this but doesn't Booker say as long as it's within the guidelines you don't get to a jury? Within it says if it's if the sentence is selected within this specific defined range and I think that's a key. How is that different from the guidelines? Well it is the guidelines but how do you determine where in this guideline where do you pick this defined range where do you pick the appropriate guideline range and Booker is saying that again what Apprendi said it's based on the facts that were found by a jury or admitted by defendant that sets this range. Okay now there's no Apprendi issue here because the sentence was well within the maximum right? No you're wrong your honor it was not within the maximum and that's one of the arguments is that what is. It was not within the statutory maximum? Correct your honor because what that's another question is what is the statutory maximum that hasn't been determined. The statutory maximum according to Apprendi is that again it's any fact that has been admitted by a defendant or found by a jury beyond reasonable doubt that sets the maximum. This defined range this upper limit of the defined range or guideline range that's the statutory maximum. Blakely clarified that in saying that for statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the facts reflected in the jury verdict or admitted by the defendant. It goes on to say in Blakely that the top of that range based on that information was 53 months not the 10 years that was statutory. What case do you depend on for the proposition that the 53 months is the statutory maximum? I'm not saying that's in my case I'm saying that's what Blakely said when they were when Blakely was saying what was the statutory maximum it's not the statute by Congress. So you get that from Blakely? Yes it's from Blakely who is actually quoting talking about Apprendi but Blakely is saying specifically that the statutory maximum for sentencing purposes is the top of the range. No no no but wait a minute but the difference is that's under a mandatory guideline system. It's not your honor because under Booker under the constitutional Booker part. No no but that's the whole point of Booker. Booker says if the Right? What's not controlling? The guidelines. The guideline calculation is not controlling. The guideline says 53 months or whatever it says that's not that's not a mandatory so it's not controlling under Booker. What's what's not controlling is the fact that the judge now has a discretion but the judge still must find this guideline range. That's only as a matter of you know a judicial procedure it's not because you know that it's a statutory requirement that you know you can only sentence within that range. No it's a constitutional requirement your honor. It is not. Now what case says that's a constitutional requirement? Booker in the constitutional part of Booker. Booker doesn't say that. Stevens says any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by a guilty plea or jury verdict must be admitted by the defendant or proven beyond reasonable doubt. Right and if the guideline is not mandatory what the guilty plea authorizes is a statutory maximum. Correct. The guilty plea authorizes a statutory maximum. Okay that's the maximum of the guideline range that would be determined based on that guilty plea. No no. I'm talking about the statute not the guideline. The statute says for man property a maximum sentence is 20 years. With due respect it actually I think it says 40 years. Well but that's not what the case law is saying your honor because. Your honor you and I read the case law differently. Right because Blakely is saying is explaining this statutory maximum that's what it's so important in all these sentencing. No but Blakely is based on the premise that that guideline system is mandatory that the judge is required by law to follow it. Well. That's what But this same this same quote from Blakely is also stated in Cunningham which is after the advisory. No but Cunningham dealt with the California system which was also mandatory at that time. But they're talking still talking about a guideline range so. Counsel with due respect I think that your understanding of the case law might be a little outdated because as Judge Teshim is indicating here because we no longer have a mandatory structure what you're quoting from in Booker is really not the issue here. We're what we're dealing with the discretion of the judge in after looking at the statutory maximum to go up or down on a discretionary basis within the guidelines and in this case 28 USC 84 B 1 B 8 as for counts 1 and 2 was 40 years and the statutory maximum for count 3 through 6 was life based upon 21 USC 841 B 1 A 8. So that's what we're really talking about here not Booker pre the change from mandatory to discretionary application of the guidelines. But then where does the six amendment come in then? Well the Supreme Court has determined that as long as the guidelines are not mandatory as Judge Teshim indicated the Sixth Amendment is not violated. Well that's not because Justice Breyer in here at the end of his decision on the remedial part of Booker which made it advisory he says both parts of Booker must be applied both the Sixth Amendment holding and the remedial interpretation. The Sixth Amendment holding in Booker says that any fact that is going to raise this maximum and again I'm going back to what Apprendi is saying on the statutory maximum is not the statute whether it's mandatory or advisory that's still the language that sets this guideline range. So before your time runs out counsel do you want to comment on the differential between the 160 grams that he pleaded to versus the 362.2 that was mentioned in PSR. Correct your honor because and that's in the double jeopardy argument is he pled guilty and the court accepted that guilty plea for 160 grams. He disputed the government's proffer of the 362 grams and that it was actual methamphetamine. Then after he the plea was accepted then during sentencing is when the government then puts on evidence that brings up this additional number of grams. Now the government was not barred from doing that was it in terms of the sentencing itself? Well I guess the way I'm looking at it in an advisory the judge has a discretion however I'm saying that the maximum that maximum of this defined range the top of the guideline is the statutory maximum the judge has discretion to go anywhere in between here but they cannot go above that. You're not responding to Judge O'Scanlan's request question about double jeopardy and while you're responding that I would simply ask you what your response is to Witt versus the United States which I think makes pretty clear that there is no double jeopardy here. Well but again your honor there is double jeopardy because then after sent during sentencing after the guilty plea has been accepted now the government is like putting on another trial putting on more evidence that should have been brought forth before the guilty plea was accepted before those facts were determined and I believe even in it says a double jeopardy clause bars the government from later approving an apprendi fact which fact that raises this guideline range the statutory maximum which I'm saying is the top of the guideline range which has been determined by by the apprendi rule that a fact that enhances a sentence above the statutory maximum and it's not proven in the original cost in a form of double jeopardy. Thank you counsel your time has expired we'll hear from the government now. Good morning may I please the court Marshall Silverberg on behalf of the United States. Does the court want me to address at all the the Booker issue because it seems pretty clear to me that the guidelines or advisory the Supreme Court decided that once the guidelines were advisory there were no Sixth Amendment implications anymore. This court and Adam Lyon, Ingham, Dare, Statham a whole series of cases that came down after Booker said that the correct procedure is for the district court to make the decision as to the amount of drugs and that the government only has to do that by a preponderance of evidence. In this case the court did it by clear and convincing evidence and I clear and convincing that is your conclusion as to the quality of the findings is that right there was no. No the judge specifically said clear and convincing. That he was he was making these findings because to him the evidence was clear and convincing. Yeah well first it was two different judges here initially. Oh Judge Gilmour. Judge Gilmour yeah Judge Gilmour who became the sentencing judge after the initial remand she specifically made findings by clear and convincing evidence of the drug amount of the two levels for the gun, for the four levels for the role of the offense, for the two levels for the obstruction. Each one of those findings were made by clear and convincing evidence. What's our standard of review with respect to that? I believe once she once she made the findings by clear and convincing evidence then I believe each one of those was a factual finding. The standard of review is by clear error by this court and it's a factual finding and the facts are you know well within the record. It supports each one it support each one of the findings. In fact Judge Mulway made the same findings. The guidelines range was calculated the same way by two different district judge two different different district judges after I think 11 days of hearings. I mean the way I look at this case is that this is exactly what I think the Supreme Court wanted to see happen after Booker. In the first case the first time it was sentenced there was a mandatory guideline scheme. The offense level was 42. The sentencing range was 30 years to life. The judge had to impose the 30 years unless she felt that a downward departure was appropriate. Then after the remand Booker was decided there's a new judge reviewing the same transcripts and she made the same calculations but instead of sentencing the defendant to 30 years she sentenced him to 25 years based upon an application of the 3553a factors. So I submit that's exactly what the court was trying the Supreme Court was trying to achieve in its ruling in Booker and in the prior rulings to give the district courts that type of discretion that they would not be bound by the guideline range and the guideline ranges would just become advisory. Well as I read her a lesser standard was applied here than is required. She's saying it was only preponderance whereas it should have been clear and convincing and somehow or other is asking us to make our determination as to whether the record justifies that it was clear and convincing. Have I stated her argument? I don't really. I don't think so. I don't think she's saying that because it's clear from the supplemental excerpts of record the court's decision on page 36 and on page 37 and then again on page 42 and in the courts you know each time says and here on page 42 according to court well I've been reviewing my holdings this morning and while it's not necessary for the court to make it clear and convincing standard finding the evidence in this case is extremely strong and there is definitely ability to find by preponderance and I find because of the nature of the evidence that it also reaches the standard clear convincing with respect to the findings that I did make and I had made a note that I wanted to make sure that there is clarity in the record with respect to that. But you're asking us obviously to affirm what do we need to determine in order to affirm that yes it was preponderance or yes it was clear and convincing. Well I think it doesn't matter I mean the court can make that decision either way but even assuming clear and convincing which I think there is a basis for finding given the increased total number of increasing levels there was you know sufficient I don't think this is the case where the court needs to say well the district court erred in finding only by a preponderance because of the extent extensive increase in the sentencing range. Here the court made the findings by clear and convincing so it seems to me any finding saying that the court only had to find by preponderance would almost be dicta I mean that's not what happened in the court below. Anything argued will be submitted for decision and we will hear argument next in United States versus Drake.
judges: O'scannlain, Tashima, Smith